%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STEVEN NEWMAN AND CAROL NEWMAN

## DEFENDANTS

SAFEWAY INC. AND GENUARDI'S FAMILY MARKETS L.P.

(b) County of Residence of First Listed Plaintiff   BURLINGTON
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   ALAMEDA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
EDWARD SCOTT GOLDIS   215-567-8300   EGOLDIS@FELDMANSHEPERD.COM
FELDMAN SHEPERD  21ST FLOOR   1845 WALNUT  PHILA PA 19103

Attorneys (If Known)
TRACEY McDEVITT HAGAN   215-972-5200   TMCDEVITT@RSM-LAW.COM
REILLY JANIEZEK & McDEVITT   1 S. PENN SQ.  WIDENER BLDG. #410  PHILA PA 19107

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sect 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00 IN EXCESS OF

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____  DOCKET NUMBER _____

DATE  2/18/14

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

STEVEN NEWMAN AND                    :                    CIVIL ACTION
CAROL NEWMAN                         :
               v.                    :
                                     :
SAFEWAY INC. ET AL                   :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

02/18/2014          TRACEY McDEVITT HAGAN          SAFEWAY INC
_____     _____     _____
Date                Attorney-at-law                Attorney for

215 992-5200        215-992-0405          TMcDEVITT @ RJM-LAW.COM
_____     _____     _____
Telephone           FAX Number                     E-Mail Address

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _28 FINCHLEY COURT SOUTHAMPTON NJ 08088_

Address of Defendant: _5918 STONERIDGE MALL ROAD PLEASANTON CA 94588_

Place of Accident, Incident or Transaction: _310 S. HENDERSON RD. KING OF PRUSSIA PA_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
   (Please specify) Government Contract

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                         Attorney-at-Law        Attorney I.D.#

NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                         Attorney-at-Law        Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | | |
|---|---|---|
| STEVEN NEWMAN | : | |
| AND CAROL NEWMAN, H/W | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SAFEWAY, INC. AND | : | |
| SAFEWAY STORES, INC. | : | |
| | : | |
| | : | |
| Defendants | : | |

### NOTICE OF REMOVAL

The Petitioner, Safeway, Inc. (improperly pled as Safeway Stores, Inc.),

respectfully states to this Court:

1. An action was commenced and is currently pending in the Court of Common

   Pleas of Philadelphia County, Pennsylvania, No. 130802216, in which the above

   named Steven Newman and Carol Newman are the Plaintiffs, and Petitioner,

   Safeway, Inc. (improperly pled as Safeway Stores, Inc.) (hereinafter "Safeway,

   Inc.) is named as Defendant.

2. This action was instituted as the result of an incident wherein Plaintiffs asserted

   claims for negligence. (See Plaintiffs' Complaint, attached hereto as Exhibit "A"

   and incorporated herein by reference).

3. By way of information and belief, the damages alleged by the Plaintiffs exceed

   $75,000.00, exclusive of interest and costs, by virtue of the extent of the injuries

   alleged in the Complaint, the claims for past and future medical expenses alleged

   in the Complaint, and allegations of ongoing and future medical treatment. (See

Exhibit "A"). Specifically, Plaintiff, Steven Newman alleges he was caused to sustain serious personal injuries, including, but not limited to, a torn right rotator cuff requiring surgical repair with grafting and other injuries, all of which will in the future continue to require medical care, treatment and therapy. *Id.*, Paragraph 20. Plaintiff further contends he has incurred substantial expenses for medical care and treatment, and he will continue to incur such expenses for the rest of his life. *Id.*, Paragraph 21. Further, Steven Newman contends he suffered a loss of earnings and earning capacity, and will continue to suffer such loss for the rest of his life. *Id.*, Paragraph 22. Plaintiff contends he suffered a diminution in his ability to enjoy the ordinary pleasures of life, and he will continue to suffer such loss for the rest of his life. *Id.*, Paragraph 23. Plaintiff further contends that he has experienced physical and emotional pain and suffering and will continue to suffer same for the rest of his life. *Id.*, Paragraph 24. Further, Plaintiff, Carol Newman, alleges that she has suffered a loss in the aid, assistance, society, comfort, companionship and consortium of her husband, Plaintiff Steven Newman. *Id.*, Paragraph 26.

4. Based upon information set forth at the Case Management Conference in this matter, Plaintiff contends he continues to experience pain from the injuries alleged and contends current and future treatment for these injuries. Based upon information set forth at the Case Management Conference, Plaintiff further contends that the first surgical procedure to his shoulder was unsuccessful and that a second shoulder surgery in the future is required.

5.     In the *ad damnum* clause of the Complaint, Steven Newman demands judgment against defendants "in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs." In addition, in another *ad damnum* clause of the Complaint, Carol Newman demands judgment against defendants "for an amount in excess of the jurisdictional limit for arbitration, together with interest and costs."

6.     In the interest of judicial economy and the fair adjudication of claims brought before the Court, Petitioner seeks removal to this Court.

7.     Upon information and belief, Petitioner states that diversity of citizenship exists between the parties in controversy as follows:

a)     Plaintiffs, Steven Newman and Carol Newman, are citizens of the State of New Jersey.  Plaintiffs are at the present time adult individuals residing at 28 Finchley Court, Southampton, NJ. domiciled in the State of New Jersey.

b)     The Defendant, Safeway, Inc., is not a citizen of the State of New Jersey and is not a citizen of the Commonwealth of Pennsylvania because it is a corporation which is a citizen of the State of Delaware and the State of California.  Specifically, Safeway Inc. is incorporated in Delaware and therefore is a citizen of Delaware.  Further, Safeway Inc. has its principal place of business in California and is also a citizen of California.

8.     This Court has original jurisdiction over the action between the Plaintiff and Defendant pursuant to the provisions of 28 U.S.C. Sect. 1332 and, as a result, Petitioner may remove this action to this Court pursuant to the provisions of

28 U.S.C. Sect. 1441.

9.   This notice is filed with the Court within the time period set for removal set forth

in 28 U.S.C. Sect. 1446(b) in that a Stipulation of Dismissal of the non-diverse

defendant, Giant Food Stores, LLC, was filed with the Court and served on

February 11, 2014 by counsel for Giant Food Stores, LLC by way of e-filing, and

the instant Notice of Removal was filed within 30 days of service of same. (See

Stipulation of Dismissal dated February 11, 2014, attached hereto as Exhibit "B"

and incorporated herein by reference). Specifically, under 28 USCS § 1446 (b)(3),

"[e]xcept as provided in subsection (c), if the case stated by the initial pleading is

not removable, a notice of removal may be filed within thirty days after receipt by

the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is

one which is or has become removable." Defendants were first able to ascertain

that the damages alleged by the Plaintiff exceed $75,000.00, exclusive of interest

and costs, by virtue of the extent of the injuries alleged in the Complaint and by

the claims for past and future medical expenses as well as a loss of consortium

alleged in the Complaint. However, this case did not become removable until

February 11, 2014, when the above-referenced Stipulation of Dismissal of the

non-diverse defendant, Giant Food Stores, LLC, was filed and served.

10.   A written notice of the filing of this Notice of Removal has been given to all

parties as required by 28 U.S.C. Sect. 1446(d).

11.    A true and correct copy of this Notice of Removal has been filed with the

Prothonotary of the Court of Common Pleas of Philadelphia County,

Pennsylvania as provided by U.S.C. Sect. 1446(d).

WHEREFORE, Petitioner, Safeway, Inc. respectfully requests that it may effect a

removal of this action from the Court of Common Pleas of Philadelphia County,

Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.


Respectfully submitted,

**REILLY, JANICZEK & MCDEVITT, P.C.**

By: _____
TRACEY MCDEVITT HAGAN
Widener Building
Suite 410
One South Penn Square
Philadelphia, PA 19107
(215) 972-5200
F: (215) 972-0405
Attorney for Petitioner,
Safeway, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSLYVANIA

STEVEN NEWMAN      :
AND CAROL NEWMAN, H/W  :
            :
     Plaintiff,   :
      v.     :
            :
SAFEWAY, INC. AND    :
SAFEWAY STORES, INC.   :
            :
            :
     Defendants   :

## CERTIFICATE OF SERVICE

   I, Tracey McDevitt Hagan, Esquire, attorney for Defendant, Safeway, Inc. hereby

certify that a true and correct copy of Defendant's Praecipe to File Notice of Removal,

with the Notice of Removal Petition, has been served on counsel for the Respondent, via

first class, postage prepaid mail, as follows:

     Edward Goldis, Esquire
     1845 Walnut Street
     21st Floor
     Philadelphia PA  19103

Dated: 2\18\14

            _____
            Tracey McDevitt Hagan, Esquire
            Jennifer Axelrod Kallet, Esquire
            Attorney for Defendant,
            Safeway, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSLYVANIA

STEVEN NEWMAN          :
AND CAROL NEWMAN, H/W    :
                              :
          **Plaintiff,**      :
           **v.**          :
                              :
SAFEWAY, INC. AND         :
SAFEWAY STORES, INC.       :
                              :
                              :
          **Defendants**   :

## PRAECIPE TO FILE NOTICE OF REMOVAL

TO:    Edward Goldis, Esquire
        1845 Walnut Street
        21st Floor
        Philadelphia PA  19103

     PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sect. 1446, Safeway, Inc.,

Defendant in the above captioned matter, has on February 18, 2014, filed its Notice of

Removal, a copy of which is attached hereto, in the office of the Clerk, United States

District Court for the Eastern District of Pennsylvania, Room 2609, U.S. Courthouse, 601

Market Street, Philadelphia, 19106.

                      Respectfully submitted,

                      **REILLY, JANICZEK & MCDEVITT, P.C.**

                      By: _____
                         Tracey McDevitt Hagan, Esquire
                         Jennifer Axelrod Kallet, Esquire
                         Attorney for Defendant,
                         Safeway, Inc.

Date: _2/18/14_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSLYVANIA

STEVEN NEWMAN                          :
AND CAROL NEWMAN, H/W                   :
                                       :
              **Plaintiff,**           :
                      **v.**           :
                                       :
SAFEWAY, INC. AND                      :
SAFEWAY STORES, INC.                   :
                                       :
                                       :
              **Defendants**           :

## <u>DISCLOSURE STATEMENT IN ACCORDANCE WITH</u>
## <u>FEDERAL RULE 7.1(a)</u>

1.    Defendant, Safeway, Inc. is a corporation with its principal place of business in

Pleasanton, California.

Please check one box:

X:    The nongovernmental corporate party, <u>Safeway, Inc.,</u> in the above listed
      civil action does not have any parent corporation and publicly held
      corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, _____, in the
      above listed civil action has the following parent corporation(s) and
      publicly held corporation(s) that owns 10% or more of its stock:

_____

                      Respectfully submitted,

                      **REILLY, JANICZEK & MCDEVITT, P.C.**

                      By: _____
                          Tracey McDevitt Hagan, Esquire
                          Jennifer Axelrod Kallet, Esquire
                          Attorney for Defendants,
                          Genuardi's Family Markets, L.P. and
                          Safeway, Inc.

Date: _2/18/14_____

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**AUGUST 2013**     **002216**

For Prothonotary Use Only (Docket Number)

E-Filing Number: 1308037237

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>STEVEN NEWMAN | **DEFENDANT'S NAME**<br>SAFEWAY, INC. |
| **PLAINTIFF'S ADDRESS**<br>28 FINCHLEY COURT<br>SOUTHAMPTON NJ 08088 | **DEFENDANT'S ADDRESS**<br>5918 STONERIDGE MALL ROAD<br>PLEASANTON CA 94588 |
| **PLAINTIFF'S NAME**<br>CAROL NEWMAN | **DEFENDANT'S NAME**<br>SAFEWAY STORES, INC. |
| **PLAINTIFF'S ADDRESS**<br>28 FINCHLEY COURT<br>SOUTHAMPTON PA 08088 | **DEFENDANT'S ADDRESS**<br>225 S. 15TH STREET<br>PHILADELPHIA PA 19102 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>GIANT FOOD STORES, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1149 HARRISBURG PIKE<br>CARLISLE PA 17013 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | |
|---|---|---|---|
| 2 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
AUG 21 2013
S. GARRETT

**IS CASE SUBJECT TO COORDINATION ORDER?**    YES    NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>STEVEN NEWMAN , CAROL NEWMAN</u>

Papers may be served at the address set forth below.

| | |
|---|---|
| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**<br>EDWARD SCOTT. GOLDIS | **ADDRESS**<br>1845 WALNUT STREET<br>25TH FLOOR<br>PHILADELPHIA PA 19103 |
| **PHONE NUMBER**<br>(215)567-8300 | **FAX NUMBER**<br>(215)567-8333 |
| **SUPREME COURT IDENTIFICATION NO.**<br>88233 | **E-MAIL ADDRESS**<br>egoldis@feldmanshepherd.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY**<br>*EDWARD GOLDIS* | **DATE SUBMITTED**<br>Wednesday, August 21, 2013, 03:50 pm |

Case ID: 130802216

FINAL COPY (Approved by the Prothonotary Clerk)

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG, LLP**
BY: ALAN M. FELDMAN/DANIEL J. MANN/EDWARD S. GOLDIS
IDENTIFICATION NO.: 23210/77639/88233                                    ATTORNEYS FOR PLAINTIFFS
21st FLOOR
1845 WALNUT STREET
PHILADELPHIA, PA 19103
(215) 567-8300

---

| | |
|---|---|
| STEVEN NEWMAN and CAROL NEWMAN, h/w<br>28 Finchley Court<br>Southampton, NJ 08088 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
|                     Plaintiffs | AUGUST TERM, 2013 |
| v. | No. |
| SAFEWAY, INC.<br>5918 Stoneridge Mall Road<br>Pleasanton, CA 94588<br>    and<br>SAFEWAY STORES, INC.<br>225 S. 15th Street<br>Philadelphia, PA 19102<br>    and<br>GIANT FOOD STORES, LLC<br>1149 Harrisburg Pike<br>Carlisle, PA 17013 | **JURY TRIAL DEMANDED** |
|                     Defendants | |

## CIVIL ACTION COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333 TTY: 215-451-6197

### AVISO

Le han demandado a usted en la corte. Si Ud. quiere defenderse de las demandas expuestas en las páginas siguientes, tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requerer que cumpla con todas las provisiones de esta demanda. Ud. puede perder dinero o sus propiedades u otros derechos importantes para Ud.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVCIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO PARA AVERIGUAR DONDE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-6333 TTY: 215-451-6197

Case ID: 130802216

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG, LLP**
BY: ALAN M. FELDMAN/DANIEL J. MANN/EDWARD S. GOLDIS
IDENTIFICATION NO.: 23210/77639/88233                    ATTORNEYS FOR PLAINTIFFS
21ˢᵗ FLOOR
1845 WALNUT STREET
PHILADELPHIA, PA 19103
(215) 567-8300

| | |
|---|---|
| STEVEN NEWMAN and CAROL NEWMAN, h/w<br>28 Finchley Court<br>Southampton, NJ 08088<br><br>Plaintiffs<br><br>v.<br><br>SAFEWAY, INC.<br>5918 Stoneridge Mall Road<br>Pleasanton, CA 94588<br>and<br>SAFEWAY STORES, INC.<br>225 S. 15ᵗʰ Street<br>Philadelphia, PA 19102<br>and<br>GIANT FOOD STORES, LLC<br>1149 Harrisburg Pike<br>Carlisle, PA 17013<br>Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>AUGUST TERM, 2013<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT-CIVIL ACTION

### I.    PARTIES

1.    Plaintiffs Steven Newman and Carol Newman, husband and wife, are citizens and residents of the State of New Jersey, residing therein at 28 Finchley Court, Southampton, NJ 08088.

2.    Defendant Safeway, Inc. is a business entity with its corporate headquarters located at 5918 Stoneridge Mall Road, Pleasanton, CA 94588.

3.    Defendant Safeway Stores, Inc. is a business entity with a location for business at 225 S. 15ᵗʰ Street, Philadelphia, PA 19102.

4.    Defendant Safeway, Inc. and Safeway Stores, Inc. shall hereinafter be collectively

Case ID: 130802216

referred to as "Safeway."

5.      Defendant Giant Food Stores, LLC ("Giant") is a business entity with a corporate headquarters located at 1149 Harrisburg Pike, Carlisle, PA 17013.

6.      Defendants Safeway and Giant shall hereinafter be collectively referred to as the "Genuardi's defendants".

7.      At all times relevant hereto, the Genuardi's defendants owned, operated, maintained and controlled a supermarket which was opened to the public known as Genuardi's Store #1007, located at 310 S. Henderson Road, King of Prussia, PA,.

8.      At all times relevant hereto, the Genuardi's defendants regularly conducted business in the Commonwealth of Pennsylvania and the City and County of Philadelphia.

## II.      FACTS

9.      On or about March 9, 2012, plaintiffs Steven and Carol Newman were business invitees at the Genuardi's Store #1007 (hereinafter the "store").

10.      On the aforesaid date, plaintiffs were at the store to pick up a cake for their daughter's birthday.

11.      At approximately 11:45 a.m., plaintiff Steven Newman was walking down an isle at the store, when he slipped and fell, striking his body against the floor.

12.      Following plaintiff Steven Newman's fall, he and others noticed a greasy or oily liquid substance on the floor, which had caused plaintiff to fall.

13.      As a direct result of the fall, plaintiff Steven Newman suffered the injuries described herein.

-2-

III.   **CAUSES OF ACTION**

**COUNT I - STEVEN NEWMAN v. ALL DEFENDANTS - NEGLIGENCE**

14.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

15.     At all times relevant hereto, the Genuardi's defendants had a non-delegable duty to provide safe and secure facilities for plaintiff and other patrons of the Genuardi's defendants.

16.     The Genuardi's defendants knew or by using reasonable care would have discovered the condition which caused plaintiff Steven Newman to fall, and should have realized that the condition of the floor involved an unreasonable risk of harm to invitees, licensees and plaintiff in particular.

17.     Plaintiffs did not know or have reason to know of the condition or the risk of the condition.

18.     The Genuardi's defendants knew or should have expected that invitees, licensees and plaintiff, in particular, would not discover or realize the danger or fail to protect themselves from the danger.

19.     The Genuardi's defendants, individually and through their actual and/or ostensible agents, servants, and/or employees, were negligent, careless and breached their duty of care, both generally and in the following particular respects:

(a)     creating a dangerous condition on the premises;

(b)     maintaining a dangerous condition on the premises;

(c)     failing to warn the plaintiff of a dangerous condition on the premises;

(d)     failing to use reasonable care in the maintenance and use of the premises;

-3-

Case ID: 130802216

(e)    failing to use reasonable care to protect plaintiff from foreseeable harm;

(f)    failing to inspect the premises and discover the dangerous condition;

(g)    failing to realize the condition involved an unreasonable risk of harm to plaintiff;

(h)    failing to properly inspect the floor;

(i)    failing to properly maintain the floor;

(j)    failing to properly supervise the inspection, maintenance and cleaning of the floor;

(k)    failing to inspect and identify liquid on the floor;

(l)    failing to prevent liquid from accumulating on the floor;

(m)    failing to clean up the liquid and/or failing to clean up the liquid in a timely manner;

(n)    failing to inspect and clean the floor;

(o)    failing to create, implement and enforce policies and procedures for the inspection, maintenance and cleaning of the floor;

(p)    failing to comply with policies and procedures for the inspection, maintenance and cleaning of the floor;

(q)    failing to comply with industry standards and practices for the inspection, maintenance and cleaning of the floor;

(r)    failing to contact the janitorial department to notify it of the liquid on the floor;

(s)    failing to close the aisle until the liquid was cleaned up;

(t)    failing to use "hazard" cones and/or other devices to warn of the dangerous condition;

(u)    failing to provide adequate and sufficient lighting in the store;

(v)    failing to select, install and maintain the proper color shade of flooring in

-4-

the store; and

(w)   failing to select, install and maintain the proper slip-resistant or less
slippery flooring material

20.   As a direct result of the conduct of the defendants, plaintiff Steven Newman was caused to sustain serious personal injuries, including, but not limited to, a torn right rotator cuff requiring surgical repair with grafting and other injuries, all of which have and will in the future continue to require medical care, treatment and therapy.

21.   As a further direct result of the conduct of the defendants, plaintiff Steven Newman has incurred substantial expenses for medical care and treatment, and he will continue to incur such expenses for the rest of his life.

22.   As a further direct result of the conduct of the defendants, plaintiff has suffered a loss of his earnings and earning capacity, and he will continue to suffer such loss for the rest of his life.

23.   As a further direct result of the conduct of the defendants, plaintiff has suffered a diminution in his ability to enjoy the ordinary pleasures of life, and he will continue to suffer such loss for the rest of his life.

24.   As a further direct result of the conduct of the defendants, plaintiff Steven Newman has experienced physical and emotional pain and suffering and he will continue to suffer the same for the rest of his life.

WHEREFORE, plaintiff Steven Newman demands judgment in his favor and against all defendants in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

-5-

## COUNT II - CAROL NEWMAN v. ALL DEFENDANTS - LOSS OF CONSORTIUM

25.     The preceding paragraphs are incorporated by reference as if the same were fully set forth at length herein.

26.     As a direct result of the conduct of the defendants, plaintiff Carol Newman has suffered a loss in the aid, assistance, society, comfort, companionship and consortium of her husband, plaintiff Steven Newman.

WHEREFORE, plaintiff Carol Newman demands judgment in her favor against all defendants for an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK & DODIG, LLP


\s\ Edward S. Goldis
ALAN M. FELDMAN
DANIEL J. MANN
EDWARD S. GOLDIS
Attorneys for Plaintiffs

-6-

Case ID: 130802216

## V E R I F I C A T I O N

I, Carol Newman, plaintiff in the foregoing pleading, state that the facts set forth are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. Section 4904, which relates to unsworn falsification to authorities.

*Carol Newman* 7/27/13
CAROL NEWMAN

Case ID: 130802216

# **VERIFICATION**

I, Steven Newman, plaintiff in the foregoing pleading, state that the facts set forth are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. Section 4904, which relates to unsworn falsification to authorities.

_Steven Newman 7/27/13_

STEVEN NEWMAN

Case ID: 130802216

# EXHIBIT B

ZARWIN, BAUM, DeVITO, KAPLAN
SCHAER & TODDY, P.C.
BY:   JOSEPH M. TODDY, ESQUIRE
Identification No: 42484
BY:   LANNI S. KLEIN, ESQUIRE
Identification No: 200484
1818 Market Street, Suite 1300
Philadelphia, PA 19103
(215) 569-2800
(215) 569-1606 (Fax)

Attorney for Defendant
Giant Food Stores, LLC

| | | |
|---|---|---|
| STEVEN NEWMAN and CAROL NEWMAN, h/w | : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | : : | |
| vs. | : : | AUGUST TERM, 2013 |
| SAFEWAY, INC., SAFEWAY STORES, INC. AND GIANT FOOD STORES, LLC | : : | NO. 02216 |
| Defendants. | : | |

## STIPULATION TO DISMISS WITHOUT PREJUDICE

**TO THE PROTHONOTARY:**

On this ‾11th‾ day of ‾February‾, 2014,

IT IS HEREBY STIPULATED AND AGREED by and between all parties that Defendant, Giant Food Stores, LLC ("Giant") shall be dismissed from the herein action without prejudice. Giant hereby expressly waives the statute of limitations as a defense and will not object to being joined to this action at a later date should there be any evidence which would warrant their inclusion in this action. This stipulation is made based on the representations of counsel for Giant and counsel for Safeway Inc. that at the time of the accident that is the subject of this action, Safeway Inc. operated and leased the store then known as Genuardi's Store #1007.

ZARWIN, BAUM, DeVITO, KAPLAN
SCHAER & TODDY, P.C.

BY: _____
     LANNI S. KLEIN, Esquire
     Attorney for Defendant, Giant
     Food Stores, LLC

REILLY, JANICZEK & McDEVITT

BY: _____
     TRACEY M. McDEVITT, Esquire
     Attorney for Defendants, Safeway, Inc.
     And Safeway Stores, Inc.

FELDMAN, SHEPHERD,
WOHLGELERNTER, TANNER,
WEINSTOCK & DODIG, LLP

BY: _____
     EDWARD GOLDIS, Esquire
     Attorney for Plaintiffs

ZARWIN, BAUM, DeVITO, KAPLAN
SCHAER & TODDY, P.C.

BY:_____
    LANNI S. KLEIN, Esquire
    Attorney for Defendant, Giant
    Food Stores, LLC

FELDMAN, SHEPARD,
WOHLGELERNTER, TANNER,
WEINSTOCK & DODIG, LLP

BY:_____
    EDWARD GOLDIS, Esquire
    Attorney for Plaintiffs

REILLY, JANICZEK & McDEVITT

BY:_____
    TRACEY M. McDEVITT, Esquire
    Attorney for Defendants, Safeway, Inc.
    And Safeway Stores, Inc.